## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

TIMOTHY NORMAN                                        PLAINTIFF

VS.                                      CIVIL NO.: 3:17-cv-616-CWR-FKB

CITY OF RIDGELAND, DANIEL SOTO,                       DEFENDANTS
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, AND OTHER UNKNOWN
JOHN AND JANE DOES 1-10, IN THEIR
OFFICIAL AND INDIVIDUAL
CAPACITIES

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## MOTION TO COMPEL BY CITY OF RIDGELAND

Defendant the City of Ridgeland, Mississippi ("the City") submits this memorandum of authorities in support of its motion to compel Plaintiff Timothy Norman ("Plaintiff") to provide supplemental responses to the City's Interrogatories and Requests for Production of Documents.

## FACTS

Plaintiff filed this §1983 action against the City and its former officer Daniel Soto ("Soto") concerning a DUI arrest and conviction. On March 5, 2009, Soto pulled over Plaintiff at 11:36 p.m. on Lake Harbor Road in Ridgeland, Mississippi. Soto was on patrol on Lake Harbor Road, when he clocked Plaintiff traveling at 54 miles per hour in a 40 mile per hour zone. Soto initiated a traffic stop, and, when he approached the Miata's driver's door, he observed the intense odor of an intoxicating beverage emitting from within the car. As Plaintiff handed Soto his driver's license, Soto observed Plaintiff's eyes to be bloodshot and dilated. Soto asked Plaintiff to exit the Miata. Plaintiff complied and Soto inquired as to how

many drinks Plaintiff had that night, and Plaintiff told Soto that he had a few beers at a bar in Ridgeland.

Soto administered a breath test, and it registered positive for the presence of alcohol. Soto then administered a field sobriety test, observing 6 out of 6 clues on "Horizontal Gaze Nystagmus" ("HGN") test, 4 out of 8 clues on the "Walk and Turn Test," and 2 out of 4 clues on the "One Leg Stand" test. As a consequence of these factors, Soto cited Plaintiff for speeding and for DUI, and Soto arrested Plaintiff and took him into custody.

Soto transported Plaintiff to the City of Madison's police department because the City's Intoxilyzer machine was not working. After arriving at Madison's police department, Plaintiff gave a sample, and the Intoxilyzer registered a .10, confirming Plaintiff's DUI status. Soto transported Plaintiff back to the City's police department and charged Plaintiff with DUI-1st and speeding.

The charges against Plaintiff went to trial in the City's Municipal Court on June 29, 2009, and Plaintiff was convicted of DUI-1st and speeding. On July 28, 2009, Plaintiff appealed that judgment to the County Court of Madison County. On October 20, 2009, the county court held a trial de novo and found Plaintiff guilty of DUI-1st. Plaintiff filed a Motion for New Trial in the County Court of Madison County on October 29, 2009. On August 22, 2013, the County Court of Madison County denied Plaintiff's Motion for New Trial, and Plaintiff appealed the county court's final judgment to the Circuit Court of Madison County on October 3, 2013.

PD.23512753.1

Plaintiff raised three issues in the circuit court. First, Plaintiff argued that the county court erroneously failed to enter an agreed order of dismissal that was signed by Plaintiff's counsel and the City's prosecutor, Boty McDonald. Plaintiff argues that, although McDonald explained to the county court judge that he signed the agreed order out of mistake, there was no dispute that McDonald actually signed the agreed order. The county court, however, declined to enter the agreed order because it was not properly before the county court. Second, Plaintiff argued that the county court erred in failing to reconsider its "guilty" ruling in light of evidence that Officer Soto had given inaccurate testimony in other DUI cases. Lastly, Plaintiff argued that the county court erred in failing to compel production of the source codes for the Intoxilyzer 8000 machine. Finding no evidence that Soto had given inaccurate testimony in Plaintiff's case, and that Plaintiff was not entitled to the requested source codes, the Circuit Court of Madison County entered an Opinion and Order affirming the DUI conviction and denying Plaintiff's appeal on December 8, 2014.

On December 18, 2014, Plaintiff filed a notice of appeal, appealing the circuit court's decision to the Mississippi Supreme Court. Plaintiff raised the same three issues as previously raised in the Circuit Court of Madison County. After the City failed to timely file an appellate brief and the supreme court held a show cause hearing, McDonald filed a two-page "confession" of Plaintiff's appellate brief. As a result, the Mississippi Supreme Court reversed and rendered Plaintiff's conviction on January 20, 2016.

PD.23512753.1

Subsequently Plaintiff filed the present action asserting pretextual stop, false arrest and imprisonment, wrongful conviction, malicious prosecution, and abuse of process in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the Mississippi Constitution. [Dkt.#1] Among Plaintiff's alleged damages are lost wages and emotional distress. *Id.* at ¶¶ 39 and 45. As explained below, these allegations open the scope of discovery to include Plaintiff's medical records, employment records, tax records, and criminal history records.

## PROCEDURAL HISTORY OF DISCOVERY DISPUTE

On December 14, 2017, the City propounded Interrogatories and Requests for Production of Documents on Plaintiff. *See* Exhibit "A" of Motion to Compel. (All exhibits cited herein are attached to the City's Motion to Compel filed on this date).

On February 12, 2018, Plaintiff responded to the City's Interrogatories and Requests for Production of Documents. *See* Exhibits "B" and "C". On February 28, 2018, the City informed Plaintiff that certain discovery responses were deficient, and the City requested that Plaintiff supplement his responses. *See* Exhibit "D". In the alternative, the City requested that Plaintiff execute a Good Faith Certificate, but to this date Plaintiff has declined to execute the Good Faith Certificate. *Id.*

On March 20, 2018, Plaintiff provided supplemental Answers to Interrogatories and Responses to Request for Production of Documents. *See* Exhibits "E" and "F". In spite of this supplementation, Plaintiff's responses remained deficient, so the Court conducted a telephonic conference with counsel in

an attempt to resolve the deficiencies on an informal basis. At the conclusion of the conference, the Court instructed the City to file a motion to compel, if needed, by April 13, 2018. To this date, Plaintiff's responses remain deficient.

As a result of Plaintiff's delay tactics, the City has been forced to wait four months for Plaintiff to produce evidence that is critical to the defense of this case. Even now Plaintiff is still refusing to execute multiple authorization forms required for the City to obtain evidence from third parties, including Plaintiff's medical providers. To avoid executing Defendant's authorizations, Plaintiff has produced his own set of authorizations, but those authorizations contain numerous handwritten edits, and they are illegible. Exhibit "G". As a result, the City is still unable to request critical discovery documents from third parties. In light of Plaintiff's discovery deficiencies, the Court should compel Plaintiff to execute the City's authorization forms and to supplement his discovery responses as explained more fully below.

## ARGUMENTS REGARDING DEFICIENCIES

For clarity, the City will first discuss the numerous deficiencies per topic. The five topics are (1) authorization forms, (2) medical providers, (3) privilege log, (4) communications regarding two particular documents, and (5) withholding of documents. Then the City will individually list each discovery request, coupled with Plaintiffs' responses and the City's arguments.

### TOPIC 1 – AUTHORIZATION FORMS

The City has provided Plaintiff with several authorization forms which the City needs for obtaining certain documents from third parties. These forms concern

employment records, tax records, medical records, and criminal background, all of which are discoverable in light of Plaintiff's allegations. Instead of executing the City's forms, Plaintiff has merely produced his own medical forms – forms which are partially illegible and contain handwritten edits. Due to enhanced laws regarding privacy, third parties strictly construe such forms, and Plaintiff's forms are insufficient. Accordingly, Plaintiff should be required to execute the authorization forms provided by the City.

Specifically regarding the medical issues in this case, the City's authorizations are HIPAA-compliant, and Plaintiff's demand for a protective order is invalid. The City's authorizations prohibit the parties from using or disclosing Plaintiff's health information for any purpose other than the litigation, and the health information must be returned to the covered entity or destroyed at the end of the litigation. *See* 45 C.F.R. § 164.512(e)(v)(A)-(B). These are the same assurances that a court would otherwise provide in a protective order. *See, e.g., Garnish v. M/V EYAK LLC*, 2008 WL 2278238 (D. Alaska 2008).

On the non-medical forms, Plaintiff has failed to return any authorizations at all. Because he is claiming loss of employment and loss of income due to Defendant's actions, these authorizations plainly are discoverable. *See, e.g., Thai v. Miller Truck Lines, Inc.*, 2006 WL 2349605 (W.D . La. 2006) (holding that plaintiff was required to produce executed tax authorizations to the defendant for a ten-year period because the information covered by the authorizations was directly relevant to the plaintiff's claims for damages, including his claims for loss of earning capacity

PD.23512753.1

and lost future wages, and the court perceived no undue burden on the plaintiff in executing the authorizations). Likewise, Plaintiff's criminal history is discoverable. *See, e.g., Equal Employment Opportunity Com'n v. Luihn Food Systems, Inc.*, 2011 WL 649749, \*5 (E.D. N.C. 2011).

### TOPIC 2 – MEDICAL PROVIDERS

Plaintiff has placed his medical condition at issue in this case by seeking damages for emotional distress. *See, e.g., See Williams v. NPC Int'l Inc.*, 224 F.R.D. 612, 613 (S.D. Miss. 2004) ("Because plaintiffs have put their emotional states at issue, NPC is entitled to discovery of information pertaining to any mental or physical conditions which could have led to the claimed damages, including conditions which preexisted the . . . period at issue here."). Accordingly, some of the authorization forms provided by the City concern Plaintiff's medications and medical treatment, including his mental health treatment. Not only has Plaintiff refused to execute the City's forms, but also Plaintiff has refused to provide a full list of his medical providers. To be clear, Plaintiff recently supplemented his discovery responses with the identities of certain providers, but he coupled that information with numerous discovery objections. If Plaintiff is withholding the identity of any medical providers based on those objections, he should be required to say so. Otherwise, the City has no way of being certain whether it now possesses the full list of Plaintiff's medical providers who possess discoverable medical records.

PD.23512753.1

## TOPIC 3 – PRIVILEGE LOG

In response to numerous discovery requests, Plaintiff argues that the City is seeking information or documents protected by the attorney-client privilege and/or work product doctrine. If Plaintiff is taking this position, he must produce a privilege log so that the City may evaluate the validity of Plaintiff's privilege claims. *See, e.g., Barnett v. Deere & Co.*, 2016 WL 10179585, *3 (S.D. Miss. 2016) ("Plaintiff has steadfastly refused to provide a privilege log that includes a description of the withheld documents sought in Defendant's Requests for Production [ ]. As a result, Defendant has been unable to make a meaningful determination regarding the merits of the claims of privilege and test those merits before the Court.").

## TOPIC 4 – COMMUNICATIONS REGARDING TWO DOCUMENTS

Plaintiff ardently relies on two documents in this case: (1) a proposed order of dismissal dated 2010 which allegedly proves that the City intended to dismiss Plaintiff's underlying criminal case, and (2) a 2015 document entitled "Appellee's Confession of Appellant's Brief" which allegedly proves that the City's conduct in the criminal case was unlawful. The second document, in fact, is attached as Exhibit seven to Plaintiff's complaint. To provide context to these two documents, the City has requested all un-privileged communications regarding the documents. The City's primary discovery requests on these issues are Interrogatories 7 and 8 and Requests for Production 3 and 4.

In response to these requests, Plaintiff has asserted numerous objections on relevancy grounds. These objections are invalid, however, because the requested information clearly falls within the scope of Rule 26(b)(1). Plaintiff may argue that

8

the two documents speak for themselves, but any communications regarding those documents is still discoverable to determine what the documents mean, how they came into existence, and any other issue relevant to the claims or defenses in this case.

Plaintiff also objects because he believes the requested communications should already be in the City's possession, but a party like the Plaintiff is required to produce documents in his possession, custody, or control, regardless of whether he believes the requesting party already has those documents. *See Ragan v. Jeffboat, LLC*, 149 F.Supp.2d 1053, 1061 (S.D.Ind.2001); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D.Cal.1996); *Cook v. Rockwell Intern. Corp.*, 161 F.R.D. 103, 105 (D.Colo.1995); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D.Pa.1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source.").

**TOPIC 5 – DOCUMENTS WITHHELD**

In response to numerous discovery requests, Plaintiff asserts boilerplate objections, but then he provides information that is purportedly responsive. When Plaintiff utilizes this tactic, he fails to clarify whether certain information and/or documents are being withheld based on the asserted objections. This tactic is invalid under the rules. In particular, Plaintiff "must state whether any responsive materials are being withheld on the basis of [the asserted] objection." Fed. R. Civ. P. 34(b)(2)(C).

PD.23512753.1

Now that the City has discussed the five topics which are at issue in its motion to compel, it will individually list all of the relevant discovery requests, coupled with Plaintiff's responses and the City's arguments, as required by the rules.

## INTERROGATORIES -- LISTED INDIVIDUALLY

**INTERROGATORY NO. 4**: Identify any and all persons who are believed to have knowledge of any statements (whether oral, written, on audiotape or videotape, or in any other form) made by any employees, agents or representatives of the City, which support or tend to support the allegations of the Complaint. For each such person, identify:

    (a)     the person's name, address and telephone number;

    (b)     the statement or statements allegedly made, whether verbally or in writing or in any other form; and

    (c)     the name, address and telephone number of the person or persons having custody of any document, audiotape or videotape containing such statement(s) and describe each such document, audiotape or videotape.

**PLAINTIFF'S RESPONSE**:  Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Further, to the extent this Interrogatory seeks an additional or different response than the following one, Plaintiff objects on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing, see Response No. 3 regarding the individuals and/or entities who may have discoverable knowledge. Further, Plaintiff is producing all non-privileged documents in his custody or control that are responsive to this Interrogatory and within the scope of discovery. See documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000547-48; 550; 557-62; 1062 to 1076, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  Plaintiff has listed all persons who may have discoverable information along with the subjects of that information. Plaintiff has likewise provided all documents within his possession that contain statements made by the City through its employees and/or agents during the previous appeals before the County Court of Madison County, the Circuit Court of Madison County, and the Mississippi Supreme Court. Plaintiff maintains his objection that any statements made by him to his counsel are protected by the

attorney-client privilege. Plaintiff further maintains his objection that this Request is overly broad and unduly burdensome in seeking to require him and/or his counsel to transcribe every statement made by the City through its employees and/or agents. Further, to require such, "gives rise to grave dangers of inaccuracy and untrustworthiness." *Hickman v. Taylor*, 329 U.S. 495, 513 (1947). Subject to and without waiver of these objections. Plaintiff states that he is currently not in possession or control of any written statements made by the City other than those contained in the pleadings, documents, and transcripts from the previous appeals of the underlying action and the documents. Bates-stamped PL 000001 NORMAN to 001076, specifically 000547-48; 550; 557-62; 1062 to 1076, previously produced on or about February 5, 2018.

**REASON TO COMPEL FOR INTERROGATORY NO. 4**:  Since Plaintiff argues that this interrogatory seeks information subject to the attorney-client privilege and/or work product doctrine, he must produce a privilege log so that Defendant may evaluate the validity of Plaintiff's privilege claim.

**INTERROGATORY NO. 5**: Please identify any person with whom Plaintiff has spoken or communicated in any way with regarding the subject matter of this lawsuit, and for each person, identify:
  (a)     the person's name, position, address and telephone number;
  (b)     the statement or statements allegedly made by Plaintiff, whether verbally or in writing or in any other form;

  (c)     the date Plaintiff made any alleged statements; and
  (d)     the name, address and telephone number of the person or persons having custody of any document, audiotape or videotape containing such statement(s) and describe each such document, audiotape or videotape.

**PLAINTIFF'S RESPONSE**:  Plaintiff objects to this Interrogatory to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Further, to the extent this Interrogatory seeks an additional or different response than the following one. Plaintiff objects on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing, see Response No. 3 regarding the individuals and/or entities who may have discoverable knowledge.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  Plaintiff has listed all persons who may have discoverable information along with the subjects of that

information. Plaintiff has likewise provided all documents within his possession that contain statements made during the previous appeals before the County Court of Madison County, the Circuit Court of Madison County, and the Mississippi Supreme Court. Plaintiff maintains his objection that any statements made by him to his counsel are protected by the attorney-client privilege. Plaintiff also maintains his objection that any written statements obtained by his counsel are subject to the work product doctrine. See *Hickman v. Taylor*, 329 U.S. at 512-13 (later codified in Fed. R. Civ. P. 26(b)(3)). Plaintiff further maintains his objection that this Request is overly broad and unduly burdensome in seeking to require him and/or his counsel to transcribe every statement made to them concerning this lawsuit. Further, to require such, "gives rise to grave dangers of inaccuracy and untrustworthiness." Hickman, 329 U.S. at 513.

Subject to and without waiver of these objections. Plaintiff is producing a DVD of the Show Cause Hearing held on November 9, 2015, before the Mississippi Supreme Court in Case No. 2014-KM-1789-SCT. Plaintiff affirmatively states that he is currently not in possession or control of any other written statements contained on the DVD being produced and in the documents previously produced on or about February 5, 2018.

**REASON TO COMPEL FOR INTERROGATORY NO. 5**:  Since Plaintiff

argues that this interrogatory seeks information subject to the attorney-client

privilege or work product doctrine, he must produce a privilege log so that

Defendant may evaluate the validity of Plaintiff's privilege claim.

**INTERROGATORY NO. 7**: Please identify any and all communications (whether oral, written, via electronic mail, or in any other medium) between Plaintiff or his agents, representatives, or attorneys and any employees, agents, representatives, or attorneys employed by the City, which relate to or otherwise concern either the document styled "Appellee's Confession of Appellant's Brief," filed in the Mississippi Supreme Court, Case Number 2014-KM-01789-SCT, on November 22, 2015, or the Brief styled "Brief of Appellee," filed in the Mississippi Supreme Court, Case Number 2014-KM-01789-SCT, on November 25, 2015. For each such communication, identify

(a)     the parties to each communication;

(b)     the statement or statements made by each person or party to the communication, whether verbally or in writing or in any other form; and

(c)     the date on which each communication was made.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request on the ground that it is overly broad and unduly burdensome. Plaintiff further objects to this

Request as it seeks discovery of information that is within its possession, custody, or control.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff maintains his objection that this Request is overly broad and unduly burdensome in seeking to require him and/or his counsel to transcribe every statement between him or his counsel and the City's employees and/or agents regarding "Appellee's Confession of Appellant's Brief," filed in the Mississippi Supreme Court. Additionally, to require such, "gives rise to grave dangers of inaccuracy and untrustworthiness." *Hickman*, 329 U.S. at 513. Further, the "Appellee's Confession of Appellant's Brief" filed in the Mississippi Supreme Court speaks for itself, and any communications regarding such are irrelevant. The importance of the requested *irrelevant* information is outweighed by the burden and expense that will be placed on Plaintiff in having to conduct a search, especially given the fact that any such documents are already in the City's possession. Further, the City is the party with the greater resources to conduct such a search. It will be time consuming for Plaintiff to search for the requested *irrelevant* documents, which may no longer be accessible to Plaintiff. If the City contends that any such written communications *exist and are relevant*, it should have already produced the documents in its initial disclosures and should be compelled to do so.

**REASON TO COMPEL FOR INTERROGATORY NO. 7**: Plaintiff objects to this interrogatory on relevancy grounds, but the requested information clearly falls within the scope of Rule 26(b)(1) because it concerns a document on which Plaintiff is ardently relying in this case. Also, Plaintiff objects to providing information that may already be within Defendant's possession, but a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents. *See Ragan v. Jeffboat, LLC*, 149 F.Supp.2d 1053, 1061 (S.D.Ind.2001); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D.Cal.1996); *Cook v. Rockwell Intern. Corp.*, 161 F.R.D. 103, 105 (D.Colo.1995); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D.Pa.1994) ("[I]t is not a bar to the discovery of relevant material

that the same material may be in the possession of the requesting party or obtainable from another source.").

**INTERROGATORY NO. 8**: Please identify any and all communications (whether oral, written, via electronic mail, or in any other medium) between Plaintiff or his agent(s), representative(s), or attorney(s) and any employee(s), agent(s), representative(s), or attorney(s) employed by the City, which relate to or otherwise concern the document styled "Agreed Judgment of Dismissal" and dated March 8, 2010. For each such communication, identify

    (a)      the parties to each communication;

    (b)      the statement or statements made by each person or party to the communication, whether verbally or in writing or in any other form; and

    (c)      the date on which each communication was made.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request on the ground that it is overly broad and unduly burdensome. Plaintiff further objects to this Request as it seeks discovery of information that is within its possession, custody, or control.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff maintains his objection that this Request is overly broad and unduly burdensome in seeking to require him and/or his counsel to transcribe every statement between him or his counsel and the City's employees and/or agents regarding the "Agreed Judgment of Dismissal," dated March 8, 2010. Additionally, to require such, "gives rise to grave dangers of inaccuracy and untrustworthiness." *Hickman*, 329 U.S. at 513. Further, any communications regarding the "Agreed Judgment of Dismissal are irrelevant as the City's counsel represented to the County Court that he signed the document by mistake and that "[t]here's no intention by the City, me as the representative for the City, to dismiss the case now being heard today based on those grounds." Bates No. PL 00043 NORMAN, previously produced by Plaintiff on or about February 5, 2018. Therefore, the importance of the requested *irrelevant* information is outweighed by the burden and expense that will be placed on Plaintiff in having to conduct a search, especially given the fact that any such documents are already in the City's possession. Further, the City is the party with the greater resources to conduct such a search. It will be time consuming for Plaintiff to search for the requested *irrelevant* documents, which may no longer be accessible to Plaintiff. If the City contends that any such written communications *exist and are relevant*, it should have already produced the documents in its initial disclosures and should be compelled to do so.

**REASON TO COMPEL FOR INTERROGATORY NO. 8**: Plaintiff objects to this interrogatory on relevancy grounds, but the requested information clearly

falls within the scope of Rule 26(b)(1) because it concerns a document on which Plaintiff is ardently relying in this case. Also, Plaintiff objects to providing information that may already be within Defendant's possession, but a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents. *See Ragan v. Jeffboat, LLC*, 149 F.Supp.2d 1053, 1061 (S.D.Ind.2001); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D.Cal.1996); *Cook v. Rockwell Intern. Corp.*, 161 F.R.D. 103, 105 (D.Colo.1995); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D.Pa.1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source.").

**INTERROGATORY NO. 10**: Describe in detail and with specificity any and all photographs, videotapes, audiotapes or other recordings, by whatever means produced, which you contend may be relevant to the claims in this case, including all photographs, tapes or recordings of any agent, employee, or former agent or employee of the City, in your possession or of which you have knowledge, including in the description of each photograph, videotape, audiotape, or other recording, the present location of each, the person(s) portrayed in each, the person(s) responsible for each and the date(s) each were made.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing. Plaintiff is producing all non-privileged documents in his custody or control and within the scope of discovery from which the answer to this Interrogatory may be determined. See documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000412; 547-48; 550; 563; 555-56, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff maintains his objection based on the work product-doctrine. See *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947) (later codified in Fed. R. Civ. P. 26(b)(3)). Subject to and without

waiver of the objection. Plaintiff is producing a DVD of the Show Cause Hearing held on November 9, 2015, before the Mississippi Supreme Court in Case No. 2014-KM-1789-SCT. Plaintiff affirmatively states that he is currently in possession or control of any other photographs or recordings than those contained in the pleadings, documents, and transcripts from the previous appeals of the underlying action and the documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000412; 547-48; 550; 563; 555-56, previously produced on or about February 5, 2018.

**REASON TO COMPEL FOR INTERROGATORY NO. 10**: Since Plaintiff argues that this interrogatory seeks information subject to the attorney-client privilege and/or work product doctrine, he must produce a privilege log so that Defendant may evaluate the validity of Plaintiff's privilege claim.

**INTERROGATORY NO. 12**: Please list and identify all drugs or medication prescribed to and/or used by Plaintiff during ten (10) years immediately preceding the incident upon which your complaint is based to present, including the name of the physician who prescribed each type of drug or medication, and the reason therefore, and the name and addresses of all pharmacies where your prescriptions were filled.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Interrogatory as unduly invasive in seeking Plaintiffs medical history from ten (10) years preceding the incident. Further, to the extent this Interrogatory seeks an additional or different response than the following one. Plaintiff objects on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this case. Subject to and without waiving the foregoing. Plaintiff is producing all medical records currently in his custody or control from which the answer to this Interrogatory may be determined. See documents Bates- stamped 001021 to 1052, previously produced on or about February 5, 2018. Plaintiff reserves the right to amend and/or supplement this Response.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Subject to and without waiving his previous objections and response, Plaintiff is attaching Authorizations allowing counsel for the City to obtain his medical and mental health records and billing information from March 5, 2004, (five years preceding his wrongful arrest) to present. Such Authorizations are being produced conditioned upon the Agreement that counsel for the City shall immediately provide Plaintiff's counsel with a copy of all records obtained thereunder. Upon that Agreement, counsel for the City may obtain Plaintiffs records from the following healthcare providers:

16

1. Allan Alberton, M.D.
   Bond Clinic
   500 E. Central Avenue
   Winter Haven, Florida 33880
2. Roger Collins, M.D.
   Lefleur Medical Clinic
   1420 Old Square Rd
   Jackson, MS 39211
3. Landall Hathorn, M.D.
   St. Dominic's Family Medicine
   1050 River Oaks Dr.
   Flowood, MS 39232
4. Pubix Pharmacy
   3300 Publix Corp Parkway
   Lakeland, FL 33811
5. Walgreens Co.
   PO Box 4039
   Danville, IL 61834
6. Kroger Privacy Office
   1014 Vine St.
   Cincinnati, OH 45202-1100

**REASON TO COMPEL FOR INTERROGATORY NO. 12**:  Plaintiff's response is non-responsive.  This interrogatory seeks medications, but Plaintiff merely lists his medical providers.  Plaintiff may object to providing his medications on breadth and relevancy grounds, but the requested information clearly falls within the scope of Rule 26(b)(1) because Plaintiff is asserting emotional distress in this case, and his medications relate directly to that issue.

**INTERROGATORY NO. 13**: From the ten (10) years immediately preceding the incident upon which your complaint is based to the present, please state the name and address of each and every hospital, clinic, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist, physical therapist, counselor, and clergy member with whom or by which you were treated, examined or counseled for any physical or emotional injury or other physical or mental condition, and for each, please state:
(a) name, address and telephone number;
(b) the date or dates of each such treatment, examination or consultation;

(c)    the reason or reasons for each such treatment, examination or consultation and the nature of the treatment, examination or consultation you received, and

(d)    identify all documents or records concerning such treatment and the individual(s) in possession of said documents.

**PLAINTIFF'S RESPONSE**:  Plaintiff objects to this Interrogatory as unduly invasive in seeking Plaintiffs medical history from ten (10) years preceding the incident. Further, to the extent this Interrogatory seeks an additional or different response than the following one. Plaintiff objects on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this case. Subject to and without waiving the foregoing, Plaintiff is producing all medical records currently in his custody or control from which the answer to this Interrogatory may be determined. See documents Bates-stamped 001021 to 1052, previously produced on or about February 5, 2018. Plaintiff reserves the right to amend and/or supplement this Response.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  Subject to and without waiving his previous objections, see Response No. 12.

**REASON TO COMPEL FOR INTERROGATORY NO. 13**:  Plaintiff objects to this interrogatory on breadth and relevancy grounds, but the requested information clearly falls within the scope of Rule 26(b)(1) because Plaintiff is asserting emotional distress in this case, and his past medical treatment, examinations, and counseling relate directly to that issue.  *See, e.g., Garnish v. M/V EYAK LLC*, 2008 WL 2278238 (D. Alaska 2008) (requiring plaintiff to "produce all records of any doctor, hospital, or other medical provider rendering care, treatment or other services, for whatever reason within the ten (10) years immediately preceding the incident which is the subject of this case through the present.").

**INTERROGATORY NO. 15**: Please state and itemize all medical expenses you allegedly incurred, including all hospital, drug, doctor, counseling or any other related medical bills, which you contend were necessitated as a result of the purported actions or inactions of Defendants and identify all documents relating to such medical expenses.

18

**PLAINTIFF'S RESPONSE**:  Plaintiff is producing all medical records currently in his custody or control from which the answer to this Interrogatory may be determined.  See documents Bates-stamped 001021 to 1052, previously produced on or about February 5, 2018.  Plaintiff reserves the right to amend and/or supplement this response.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR INTERROGATORY NO. 15**:  Plaintiff's original response is non-responsive.  This interrogatory seeks medical information, and Plaintiff has failed to provide it.  Plaintiff is asserting emotional distress in this case, and the requested medical information relates directly to that issue.  *See, e.g., Garnish v. M/V EYAK LLC*, 2008 WL 2278238 (D. Alaska 2008) (requiring plaintiff to "produce all records of any doctor, hospital, or other medical provider rendering care, treatment or other services, for whatever reason within the ten (10) years immediately preceding the incident which is the subject of this case through the present.").

**INTERROGATORY NO. 17**:  Please provide Plaintiff's complete work history to date, including name, address and phone number of each employer, dates Plaintiff was employed, position held, and reason for leaving.  This response should include all entities you have been employed by, as well as any self-employment or any other work for which you have been compensated.

**PLAINTIFF'S RESPONSE**:  Plaintiff objects to this request as it is overly broad and unduly burdensome.  Subject to and without waiving the foregoing, Plaintiff lists the following employers, position held, and year of employment:

| | | |
|---|---|---|
| Self Employed | Truck Driver | 2005 |
| Self Employed | Truck Driver | 2006 |
| W.S. "Red" Hancock, Inc. | Truck Driver | 2007 |
| W.S. "Red" Hancock, Inc. | Truck Driver | 2008 |
| W.S. "Red" Hancock, Inc. | Truck Driver | 2009 |
| Lincoln National Life Insurance Co. | Truck Driver | 2010 |
| W.S. "Red" Hancock, Inc. | Truck Driver | 2010 |
| Abdon Callais Offshore, LLC | Deck Hard | 2010 |
| Speedco Inc. | Service Technician | 2010 |
| Team Industrial Services | X-Ray Technician on Pipelines | 2011 |
| W.S. "Red" Hancock, Inc. | Truck Driver | 2012 |

PD.23512753.1

| W.S. "Red" Hancock, Inc. | Truck Driver | 2013 |
| W.S. "Red" Hancock, Inc. | Truck Driver | 2014 |
| Bentonia Bugs, LLC | Part-Time Cook | 2015 |
| Lyle Machinery | Truck Driver | 2015 |
| Lyle Machinery | Truck Driver | 2016 |

Plaintiff is further producing all non-privileged documents in his custody or control and within the scope of discovery from which the answer to this Interrogatory may be determined. See documents Bates-stamped PL 1053 NORMAN to 1061, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR INTERROGATORY NO. 17**: In his original response, Plaintiff objects that the interrogatory is overbroad and unduly burdensome, but then Plaintiff provides responsive information. Plaintiff should clarify whether any additional responsive information is being withheld on the basis of his objections.

**INTERROGATORY NO. 18**: Please state whether Plaintiff has applied to any local, state, or federal governmental agency for benefits, including but not limited to, unemployment compensation benefits, health or welfare benefits, disability benefits, and/or social security benefits. If so, please (a) describe the nature of the claim; (b) describe the outcome or resolution of the request for relief; (c) the cause number or other identifying number; (d) agency wherein the case was filed; and (e) parties and attorneys involved.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant and otherwise outside the scope of discovery as defined by Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing. Plaintiff was injured on the job more than a decade ago and filed a worker's compensation claim.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR INTERROGATORY NO. 18**: In his original response, Plaintiff objects that the interrogatory is irrelevant and undiscoverable,

but then Plaintiff provides responsive information. Plaintiff should clarify whether any additional responsive information is being withheld on the basis of his objections.

**INTERROGATORY NO**. **19**: Please identify all social media or other internet sites that you have had a personal email or social media account with, have posted on, or otherwise utilized in any way, including but not limited to Facebook, Twitter or MySpace, since January 1, 2008. Your response should (a) identify any email address(es) associated with each such account(s), (b) identify under what name or other identifier you participate on each such social media site(s), (c) identify any postings on each such social media site(s) that relate in any way to the facts and matters alleged within the Complaint, and (d) state whether you have deleted any content related to the facts and matters alleged within the Complaint from each such site or email address.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this request as it is overly broad and unduly invasive and burdensome. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant and otherwise outside the scope of discovery as defined by Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing. Plaintiff did not post an3dhing on any social media sites that relate in any way to the facts and matters alleged within the Complaint.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR INTERROGATORY NO. 19**: In his original response, Plaintiff objects to the interrogatory on multiple grounds, but then Plaintiff provides responsive information. Plaintiff should clarify whether any additional responsive information is being withheld on the basis of his objections.

**INTERROGATORY NO**. **20**: Please identify every phone number, including both home and cellular numbers, that you have had from January 1, 2008, to present. Along with the numbers, please identify the corresponding name on each account, as well as the name of the carrier or provider.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this request as it is overly broad and unduly invasive and burdensome. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant and

otherwise outside the scope of discovery as defined by Rule 33 of the Federal Rules of Civil Procedure.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR INTERROGATORY NO. 20**: In his original response, Plaintiff objects to the interrogatory on numerous relevancy grounds. To be clear, this interrogatory only seeks Plaintiff's telephone numbers and account identifiers, not Plaintiff's actual phone records. Courts have held that the records themselves are discoverable, so Plaintiff's telephone numbers and carriers are certainly relevant. *See, e.g., Perry v. The Margolin & Weinreb Law Group LLP*, 2015 WL 4094352 (N.Y. 2017).

**INTERROGATORY NO. 21**: Please identify each lawsuit or legal proceeding during the past ten (10) years to which Plaintiff has been a party, including any EEOC complaints or bankruptcy proceeding. For each lawsuit or legal proceeding, including EEOC complaints and bankruptcy proceedings: (a) describe the nature of the proceeding; (b) describe the outcome or resolution of the proceeding; (c) the cause number or other identifying number; (d) court wherein the case was filed; and (e) parties and attorneys involved.

**PLAINTIFF'S RESPONSE**: Please see Response No. 18.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR INTERROGATORY NO. 21**: Plaintiff's original response is non-responsive. This interrogatory seeks information regarding legal proceedings to which Plaintiff has been a party, and Plaintiff has failed to provide it. Instead, Plaintiff has merely cited his prior response to Interrogatory No. 18, but that is nonsensical because Interrogatory No. 18 did not concern legal proceedings.

**REQUESTS FOR PRODUCTION -- LISTED INDIVIDUALLY**

**REQUEST NO. 1**: Please produce all statements identified in response to Interrogatory Numbers 4 and 5.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing. Plaintiff is producing all non-privileged documents in his custody or control that are responsive to this Request and within the scope of discovery. See documents, Bates-stamped PL 000001 NORMAN to 001076, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has listed all persons who may have discoverable information along with the subjects of that information. Plaintiff has likewise provided all documents within his possession that contain statements during the previous appeals before the County Court of Madison County, the Circuit Court of Madison County, and the Mississippi Supreme Court. Plaintiff maintains his objection that any statements made by him to his counsel are protected by the attorney-client privilege. Further, Plaintiff maintains his objection that any written statements obtained by his counsel are subject to the work product doctrine. See *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947) (later codified in Fed. R. Civ. P. 26(h)(3)). Subject to and without waiver of these objections. Plaintiff affirmatively states that he is currently not in possession or control of any statements other than those contained in the pleadings, documents, and transcripts from the previous appeals of the underling action and the documents, Bates-stamped PL 000001 NORMAN to 001076, specifically 000547-48; 550; 557- 62; 1062 to 1076, previously produced on or about February 5, 2018.

**REASON TO COMPEL FOR REQUEST NO. 1**: Since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Moreover, since Plaintiff argues that this request seeks information subject to the attorney-client privilege and/or work product doctrine, he must produce a privilege log so that Defendant may evaluate the validity of Plaintiff's privilege claim.

**REQUEST NO. 2**: Please produce all documents and/or tangible things that that tend to support or contradict the allegations made in the Complaint or identified in response to Interrogatory Number 6.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing. Plaintiff is producing all non-privileged documents in his custody or control that are responsive to this Request and within the scope of discovery. See documents, Bates-stamped PL 000001 NORMAN to 001076, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff is producing the Affidavit of Records Custodian for Roger Collins, M.D., regarding documents Bates-stamped 001048 to 1052, previously produced on or about February 5, 2018. See attached supplemental document Bates-stamped 1048A. Plaintiff is likewise producing a DVD of the Show Cause Hearing held on November 9, 2015, before the Mississippi Supreme Court in Case No. 2014-KM-1789-SCT. Finally, Plaintiff is producing Authorizations allowing counsel for the City to obtain his medical and mental health records and billing information from March 5, 2004, (five years preceding his wrongful arrest) to present. See Response No. 7 below.

**REASON TO COMPEL FOR REQUEST NO. 2**: In his original response, Plaintiff objected to this request. Therefore, Plaintiff "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO. 3**: Please produce all communications identified in response to Interrogatory Number 7.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Further, to the extent this Request seeks an additional or different response than the following one. Plaintiff objects on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing. Plaintiff is producing all non-privileged documents in his custody or control that are responsive to this Request and within the scope of discovery. See documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000547-48; 550; 557-62; 1062 to 1076, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff maintains his objection that this Request is overly broad and unduly burdensome in seeking to

require him and/or his counsel to transcribe every statement between him or his counsel and the City's employees and/or agents regarding "Appellee's Confession of Appellant's Brief" filed in the Mississippi Supreme Court. Additionally, to require such, "gives rise to grave dangers of inaccuracy and untrustworthiness." *Hickman*, 329 U.S. at 513. Further, the "Appellee's Confession of Appellant's Brief," filed in the Mississippi Supreme Court speaks for itself and any communications regarding such are irrelevant. The importance of the requested *irrelevant* information is outweighed by the burden and expense that will be placed on Plaintiff in having to conduct a search, especially given the feet that any such documents are already in the City's possession. Further, the City is the party with the greater resources to conduct such a search. It will be time consuming for Plaintiff to search for the requested *irrelevant* documents, which may no longer be accessible to Plaintiff. If the City contends that any such written communications *exist and are relevant*, it should have already produced the documents in its initial disclosures and should be compelled to do so.

**REASON TO COMPEL FOR REQUEST NO. 3**: Plaintiff objects to this request on relevancy grounds, but the requested communications clearly fall within the scope of Rule 26(b)(1) because they concern a document on which Plaintiff is ardently relying in this case. Also, Plaintiff objects to providing documents that may already be within Defendant's possession, but a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents. *See Ragan v. Jeffboat, LLC*, 149 F.Supp.2d 1053, 1061 (S.D.Ind.2001); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D.Cal.1996); *Cook v. Rockwell Intern. Corp.*, 161 F.R.D. 103, 105 (D.Colo.1995); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D.Pa.1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source."). Finally, since Plaintiff is objecting to this request, he "must state

whether any responsive materials are being withheld on the basis of that objection."

Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO. 4**: Please produce all communications identified in response to Interrogatory Number 8.

**PLAINTIFF'S RESPONSE**:  Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Further, to the extent this Request seeks an additional or different response than the following one. Plaintiff objects on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing. Plaintiff is producing all non-privileged documents in his custody or control that are responsive to this Request and within the scope of discovery. See documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000547-48; 550; 557-62; 1062 to 1076, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  Plaintiff maintains his objection that this Request is overly broad and unduly burdensome in seeking to require him and/or his counsel to transcribe every statement between him or his counsel and the City's employees and/or agents regarding the "Agreed Judgment of Dismissal," dated March 8, 2010. Additionally, to require such, "gives rise to grave dangers of inaccuracy and untrustworthiness." Hickman, 329 U.S. at 513. Further, any communications regarding the "Agreed Judgment of Dismissal" are irrelevant as the City's counsel represented to the County Court that he signed the document by mistake and that "[t]here's no intention by the City, me as the representative for the City, to dismiss the case now being heard today based on those grounds." Bates No. PL 00043 NORMAN, previously produced by Plaintiff on or about February 5, 2018. Therefore, the importance of the requested irrelevant information is outweighed by the burden and expense that will be placed on Plaintiff in having to conduct a search, especially given the fact that any such documents are already in the City's possession. Further, the City is the party with the greater resources to conduct such a search. It will be time consuming for Plaintiff to search for the requested irrelevant documents, which may no longer be accessible to Plaintiff. If the City contends that any such written communications exist and are relevant, it should have already produced the documents in its initial disclosures and should be compelled to do so.

**REASON TO COMPEL FOR REQUEST NO. 4**:  Plaintiff objects to this

request on relevancy grounds, but the requested communications clearly fall within

the scope of Rule 26(b)(1) because they concern a document on which Plaintiff is ardently relying in this case. Also, Plaintiff objects to providing documents that may already be within Defendant's possession, but a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents. *See Ragan v. Jeffboat, LLC*, 149 F.Supp.2d 1053, 1061 (S.D.Ind.2001); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D.Cal.1996); *Cook v. Rockwell Intern. Corp.*, 161 F.R.D. 103, 105 (D.Colo.1995); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D.Pa.1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source."). Finally, since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO. 5**: Please produce all documents and/or tangible things that that tend to support or contradict the allegations made in the Complaint or identified in response to Interrogatory Number 10.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing. Plaintiff is producing all non-privileged documents in his custody or control. See documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000412; 547-48; 550; 563; 555-56, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff maintains his objection based on the work product doctrine. See *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947) (later codified in Fed. R. Civ. P. 26(b)(3)). Subject to and without waiver of the objection. Plaintiff is producing a DVD of the Show Cause Hearing held on November 9, 2015, before the Mississippi Supreme Court in Case No. 2014-KM-1789-SCT. Plaintiff affirmatively states that he is currently not in possession or

control of any other photographs or recordings than those contained in the pleadings, documents, and transcripts from the previous appeals of the underlying action and the documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000412; 547-48; 550; 563; 555-56, previously produced on or about February 5, 2018.

**REASON TO COMPEL FOR REQUEST NO. 5**: Since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Moreover, since Plaintiff argues that this request seeks documents protected by the attorney-client privilege and/or work product doctrine, he must produce a privilege log so that Defendant may evaluate the validity of Plaintiff's privilege claim.

**REQUEST NO. 6**: Please produce any photographs, video tapes, audio tapes, computer diskettes, or any other recordings of any type which relate in any way to the claims, possible defenses, or elements of damages in this suit.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(h)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing, Plaintiff is producing all non-privileged documents in his custody or control and within the scope of discovery. See documents Bates-stamped PL 000001 NORMAN to 001076, specifically 000412; 547-48; 550; 563; 555-56, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff maintains his objection based on the attorney-client and/or the work product doctrine. See *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947) (later codified in Fed. R. Civ. P. 26(b)(3)). Subject to and without waiver of the objection, Plaintiff is producing a DVD of the Show Cause Hearing held on November 9, 2015, before the Mississippi Supreme Court in Case No. 2014-KM-1789-SCT. Plaintiff affirmatively states that he is currently not in possession or control of any other photographs or recordings than those being produced and contained the documents previously produced on or about February 5, 2018.

**REASON TO COMPEL FOR REQUEST NO. 6**: Since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld

on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Moreover, since Plaintiff argues that this request seeks documents protected by the attorney-client privilege and/or work product doctrine, he must produce a privilege log so that Defendant may evaluate the validity of Plaintiff's privilege claim.

**REQUEST NO. 8**: Please produce any and all documents and/or tangible things identified in response to Interrogatory Number 12.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request as unduly invasive in seeking Plaintiffs medical history from ten (10) years preceding the incident, is overly broad, unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this case. Subject to and without waiving the foregoing, Plaintiff is producing all medical records currently in his custody or control. See documents Bates-stamped 001021 to 1052, previously produced on or about February 5, 2018. Plaintiff reserves the right to amend and/or supplement this Response.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Subject to and without waiver of previous objections and response, see Supplemental Response No. 7.

**REASON TO COMPEL FOR REQUEST NO. 8**: Plaintiff objects to this request on breadth and relevancy grounds, but the requested documents clearly fall within the scope of Rule 26(b)(1) because Plaintiff is asserting emotional distress in this case, and his medications relate directly to that issue. Also, since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO. 9**: Please produce any and all documents and/or tangible things identified in response to Interrogatory Number 13.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request as unduly invasive in seeking Plaintiff's medical history from ten (10) years preceding the incident, is overly broad, unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this case. Subject to and without waiving the foregoing, Plaintiff is producing all medical records currently in his custody or control. See documents Bates-stamped 001021 to

1052, previously produced on or about February 5, 2018. Plaintiff reserves the right to amend and/or supplement this Response.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  Subject to and without waiving his previous objections and response, see Supplemental Response No. 7.

**REASON TO COMPEL FOR REQUEST NO. 9**:  Plaintiff objects to this request on breadth and relevancy grounds, but the requested documents clearly fall within the scope of Rule 26(b)(1) because Plaintiff is asserting emotional distress in this case, and his past medical treatment, examinations, and counseling relate directly to that issue.  *See, e.g., Garnish v. M/V EYAK LLC*, 2008 WL 2278238 (D. Alaska 2008) (requiring plaintiff to "produce all records of any doctor, hospital, or other medical provider rendering care, treatment or other services, for whatever reason within the ten (10) years immediately preceding the incident which is the subject of this case through the present.").  Also, since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld on the basis of that objection."   Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO. 11**: Please produce any and all documents and/or tangible things identified in response to Interrogatory Number 15.

**PLAINTIFF'S RESPONSE**:  Plaintiff is producing all medical records currently in his custody or control from which the answer to this Interrogatory may be determined. See documents Bates-stamped 001021 to 1052, previous^ produced on or about February 5, 2018. Plaintiff reserves the right to amend and/or supplement this Response.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  *See* Supplemental Response No. 7.

**REASON TO COMPEL FOR REQUEST NO. 11**:  In his supplement, Plaintiff refers Defendant to a prior response, but the prior response includes an objection.  Since Plaintiff continues to assert an objection, he "must state whether

any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO**. **13**: Please produce any and all documents and/or tangible things identified in response to Interrogatory Number 18.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request on the grounds that it seeks information that is irrelevant and otherwise outside the scope of discovery as defined by Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing, Plaintiff was injured on the job more than a decade ago and filed a worker's compensation claim. Plaintiff is not in possession of any such documents.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR REQUEST NO. 13**: Since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO**. **15**: Please execute the Authorizations attached to this Request for Production of Documents in regard to Plaintiff and return same to the City's counsel after the Authorizations have been properly notarized. These Authorizations should be signed by a legally authorized individual and accompanied by any and all documents evidencing such legal authority.

**PLAINTIFF'S RESPONSE**: Subject to entry of an agreed protective order regarding the confidentiality of Plaintiffs medical records. Plaintiff will supplement an appropriate, HIPAA-compliant medical authorization signed by him, allowing the City to obtain his medical records from 2007 to present.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: *See* Supplemental Response No. 7.

**REASON TO COMPEL FOR REQUEST NO. 15**: Plaintiff should be required to execute the medical authorizations provided by Defendant. Defendant's authorizations are HIPAA-compliant, and a separate protective order is unnecessary. Defendant's authorizations prohibit the parties from using or

disclosing Plaintiff's health information for any purpose other than the litigation, and the health information must be returned to the covered entity or destroyed at the end of the litigation. *See* 45 C.F.R. § 164.512(e)(v)(A)-(B). These are the same assurances that a court would otherwise provide in a protective order. *See, e.g., Garnish v. M/V EYAK LLC*, 2008 WL 2278238 (D. Alaska 2008).

**REQUEST NO. 16**:  Please produce any and all documents and/or tangible things identified in response to Interrogatory Number 19.

**PLAINTIFF'S RESPONSE**:  Plaintiff objects to this request as it is overly broad and unduly invasive and burdensome. Further, Plaintiff objects to this Request on the grounds that it seeks information that is irrelevant and otherwise outside the scope of discovery as defined by Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing. Plaintiff did not post anything on any social media sites that relate in any way to the facts and matters alleged within the Complaint.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**:  Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR REQUEST NO. 16**:  In his original response, Plaintiff objects to the request on multiple grounds, but then Plaintiff provides responsive information.  Under Rule 34, Plaintiff must clarify whether any additional responsive information is being withheld on the basis of his objections. Fed. R. Civ. P. 34(b)(2)(C).

**REQUEST NO. 17**:  Please produce any and all documents and/or tangible things identified in response to Interrogatory Number 20.

**PLAINTIFF'S RESPONSE**:  Plaintiff objects to this Request as it is overly broad and unduly invasive and burdensome. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant and otherwise outside the scope of discovery as defined by Rule 33 of the Federal Rules of Civil Procedure.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR REQUEST NO. 17**: In his original response, Plaintiff objects to the request on numerous relevancy grounds. To be clear, this request only seeks documents regarding Plaintiff's telephone numbers and account identifiers, not Plaintiff's actual phone records. Courts have held that the records themselves are discoverable, so Plaintiff's telephone numbers and carriers are certainly relevant. *See, e.g., Perry v. The Margolin & Weinreb Law Group LLP*, 2015 WL 4094352 (N.Y. 2017).

**REQUEST NO. 18**: Please produce any and all e-mails, text messages, documents, or things of any kind that relate in any way to the allegations and/or claims in the Complaint.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to this Request to the extent that it impermissibly seeks information subject to the attorney-client privilege and/or the work product doctrine as set forth in Rule 26(b)(3) and (b)(4)(B) of the Federal Rules of Civil Procedure. Further, to the extent this Interrogatory seeks an additional or different response than the following one. Plaintiff objects on the ground that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing. Plaintiff is producing all non-privileged documents in his custody or control that are responsive to this Request and within the scope of discovery. See documents, Bates-stamped PL 000001 NORMAN to 001076, previously produced on or about February 5, 2018.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**: Plaintiff has not supplemented his original response.

**REASON TO COMPEL FOR REQUEST NO. 18**: Since Plaintiff is objecting to this request, he "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Moreover, since Plaintiff argues that this request seeks information subject to the attorney-client

privilege and/or work product doctrine, he must produce a privilege log so that Defendant may evaluate the validity of Plaintiff's privilege claim.

### <u>CONCLUSION</u>

For the reasons stated above, the City requests an Order from this Court compelling Plaintiff to provide supplemental responses to the City's Interrogatories and Requests for Production of Documents.

Dated: April 13, 2017.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ C. Lee Lott*
    G. Todd Butler, MB #102907
    C. Lee Lott, MB#10605
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    Post Office Box 16114
    Jackson, Mississippi  39236-6114
    Telephone: 601-352-2300
    Telecopier: 601-360-9777
    Email: Todd.Butler@phelps.com
        Lee.Lott@phelps.com

**ATTORNEYS FOR DEFENDANT THE CITY OF RIDGELAND**

PD.23512753.1

## CERTIFICATE OF SERVICE

I, *C. Lee Lott*, certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system, which provides service of the foregoing to all counsel of record who have entered an appearance in this case as of the date below.

Dated: April 13, 2018.

*/s/ C. Lee Lott*
C. Lee Lott

PD.23512753.1