

PHELPS DUNBAR
LLP

Louisiana | **Mississippi** | Texas | Florida | Alabama | North Carolina | London

G. TODD BUTLER
(601) 360-9366
butlert@phelps.com

August 8, 2018

04969-1216

Re:     *Norman v. The City of Ridgeland et al.*
        Civil Action No. 3:17-cv-00616-CWR-FKB

### <u>Supplemental Letter Brief</u>

The Court held a telephonic discovery call on April 4, 2018, after which Defendant the City of Ridgeland filed a motion compel on April 13, 2018. *See* Doc. Nos. 34 & 35. Plaintiff Timothy Norman filed a response on April 27, 2018, stating that he believed the discovery dispute had been resolved. *See* Doc. No. 37. The City disagrees and believes that at least two issues remain: (1) Norman's tax records and (2) documents related to Norman's criminal proceedings before the Mississippi Supreme Court.

<u>Tax Records</u>

This lawsuit involves an incident between Norman and a Ridgeland Police Officer on March 5, 2009. *See* Doc. No. 1 at ¶7. Norman alleges that, as a result of the incident, his reputation was damaged and that he suffered lost wages and lost earning capacity. *Id.* at ¶27, ¶45. The City accordingly requested that Norman execute a tax authorization that would allow it to determine the nature of his damages. *See* Doc. No. 35 at pp.5-7, 23-24, 27-28, 31-32.[1]

Norman executed a tax authorization <u>after</u> the City filed its motion to compel, but the IRS did not accept the authorization. *See* Rejection Notice, Ex. A. The notice does not tell the City why the authorization was rejected, but it does say that it told Norman. *Id.* It is undersigned counsel's understanding that it was rejected because Norman and his ex-wife filed jointly, and the authorization did not include his ex-wife's signature. Undersigned counsel has requested that Norman provide either a compliant authorization or that he obtain the tax returns himself, but Norman has not indicated when (or even if) he intends to do so. The discovery deadline in this case is September 24, 2018, and the City has not taken Norman's deposition because of the issues surrounding written discovery.

The law is clear that tax information is discoverable when, as here, a plaintiff has put his income or earning capacity into issue. *See, e.g., Thai v. Miller Truck Lines, Inc.*, 2006 WL 2349605 (W.D . La. 2006) (ordering plaintiff to produce executed tax authorizations for the prior ten years because the information was relevant to claims of loss of earning capacity and lost wages). The City cannot obtain this necessary information if Norman is unwilling to either produce his tax returns or produce compliant authorizations. The City requests that Norman either: (1) produce compliant authorizations that will allow the City to request his tax returns

---

[1]     Specific requests include: No. 2 and No. 5, which seek all documents that tend to support or contradict the complaint's allegations, and No. 15, which specifically requests a tax authorization.

COUNSELORS AT LAW

4270 I-55 North  |  Jackson, Mississippi 39211-6391  |  Post Office Box 16114  |  Jackson, Mississippi  39236-6114
601-352-2300  |  601-360-9777 Fax  |  phelpsdunbar.com

PD.24298459.1

from 2008 to present, (2) produce his official returns from 2008 to present, or (3) withdraw his request for damages for lost wages, lost income, and lost earning capacity.

Supreme Court Documents

As explained in the motion to compel and as set forth in Norman's complaint, *see* Doc. No. 35 & Doc. No. 1 at ¶¶24-27, Norman is relying significantly on documents filed before the Mississippi Supreme Court in his criminal case.   Ridgeland accordingly sought documents between Norman's counsel and the prosecuting attorney to determine the context of the filings on which Norman relies.  *See* Doc. No. 35 at pp.8-9, 10-15, 23-28, 31-34.[2]

Norman produced certain e-mails between his counsel and the prosecuting attorney on April 27, 2018 after Ridgeland filed its motion to compel.  *See* E-mails, Ex. B.  It is unclear whether Norman has produced all e-mails, as his counsel has indicated only that "some emails" were found.  The e-mails that were produced plainly reference other documents prepared by someone working for Norman's counsel.  *Id*. The City asked that Norman produce the referenced documents, but he has not done so.

Given that Norman relies so heavily on the Supreme Court proceedings, documents related to those proceedings meet the low threshold that is relevancy.   Norman's primary contention has been that the City should seek the documents from the prosecutor, but the City explained in its motion to compel why that argument is wrong.  *See* Doc. No. 25 at p.9 (collecting cases).  The Court also addressed that same argument during the April 4, 2018 discovery call.  The City requests that Norman either produce all documents between his counsel and the prosecutor related to the Supreme Court proceedings or stipulate that he will not rely on the Supreme Court proceedings in this case.

\* \* \* \*

For the reasons explained here and in the motion to compel, the City requests that its motion to compel be granted.  The City also requests, in light of the pending discovery issues, that the Court discuss with counsel the current case management deadlines.  Thank you for your consideration of this supplemental letter.

**PHELPS DUNBAR LLP**

*/s/ G. Todd Butler*

G. Todd Butler

---

[2]    Specific interrogatories and requests include: (1) Interrogatories No. 4 and 5 and Request No. 1, which seek any statements that support or contradict the complaint's allegations; (2) Interrogatories No. 7 and 8 and Request Nos. 3 and 4, which specifically seek documents related to Norman's Supreme Court proceedings; (3) Request Nos. 2 and 5, which seek all documents that support or contradict the complaint's allegations; and (4) Request No. 18, which specifically seeks e-mails, text messages, etc. that relate to the complaint's allegations.